# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1658V
(Unpublished)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

GEORGE KOS,

        Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

        Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Special Master Katherine E. Oler

Filed: September 21, 2020

Petitioner's Motion for a Decision;
Dismissal of Petition; Vaccine Act.

*Brian R. Arnold*, Brian R. Arnold & Associates, Richardson, TX, for Petitioner.
*Adriana R. Teitel*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION DISMISSING PETITION[1]

### I.    Procedural History

On December 16, 2016, George Kos ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging that he sustained a "Table injury" from the Tdap vaccination he received on December 20, 2013. Pet. at 1, ECF No. 1. Although Petitioner claimed he sustained a Table Injury, his symptoms included weakness and numbness throughout his body, chronic fatigue syndrome, headaches, nausea, postural tachycardia, palpitations, blurred vision, dizziness, malaise, fatigue, muscle and joint pain, and other symptoms. *See* Pet. at 2-3. Petitioner filed a statement of completion on January 4, 2018. ECF No. 32.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

On April 16, 2018, Respondent filed a Rule 4(c) Report stating, "this case is not appropriate for compensation under the terms of the Act." Resp't's' Rep. at 2, ECF No. 39. More specifically, Respondent stated that Petitioner did not "identify what Table injury he believes he has suffered," and Petitioner's clinical course did not demonstrate he suffered from anaphylaxis or anaphylactic shock, brachial neuritis, shoulder injury related to vaccination, or an encephalopathy/encephalitis within the temporal window as provided by the Vaccine Injury Table. *Id.* at 11. Respondent also stated that Petitioner had not provided a medical theory establishing the Tdap vaccine caused his injuries. *Id.* at 12.

On October 23, 2018, Petitioner filed an expert report from Ava Stanczak, D.O. Ex. 15. In this report, Dr. Stanczak stated,

> It is my opinion that [Petitioner] has chronic fatigue syndrome and autoimmune syndrome induced by adjuvants (ASIA) which were more likely than not the result of exposure to aluminum adjuvant contained in Tdap vaccine he received on December 20, 2013…. His symptoms began within the time frame on the vaccine injury table of 2-28 days and would be included in the statement "any acute complication or sequelae of an illness, disability or injury or condition referred to above while illness, disability or injury arose within the time period prescribed."

*Id.* at 3. Dr. Stanczak also noted that macrophagic myofasciitis "has been strongly linked to chronic fatigue syndrome," which was a diagnosis Petitioner suggested to his doctor. *Id.* at 2; *see also* Ex. 14 at 511, 525-84. Respondent requested additional medical records, which were filed on April 24, 2019, July 30, 2019, August 14, 2019, and November 5, 2019. ECF Nos. 48, 50, 51, 55. On November 22, 2019, Respondent filed a white paper from Dr. J. Lindsay Whitton, regarding the ASIA theory of causation, in which he stated, "I see no scientifically-acceptable evidence to support the notion that adjuvants in current use trigger any long-term systemic disease whatsoever, far less lifelong autoimmune disease." Ex. A at 16, ECF No. 57. On the same day, Respondent also filed a Motion for Order to Show Cause. ECF No. 58.

On December 3, 2019, I held a status conference with the parties to discuss Respondent's Motion. *See* Minute Entry on December 4, 2019; Scheduling Order on December 4, 2019. I informed Petitioner that the ASIA theory has been consistently rejected in the Program and that I also do not find it persuasive. *See* Order on December 4, 2019, ECF No. 59. Petitioner was given time to find another expert or dismiss his case. *See id.*

On March 4, 2020, Petitioner filed a Response to Respondent's Motion for Order to Show Cause. Pet'r's Resp. to Resp't's Mot. to Show Cause, ECF No. 64. Petitioner reaffirmed his belief that he sustained a Table Injury and had presented "probative evidence of a reputable, sound and reliable medical or scientific theory." *Id.* at 7.

On March 25, 2020, Respondent filed a Reply to Petitioner's Response stating Petitioner did not suffer from any of the four injuries on the Vaccine Injury Table associated with the Tdap vaccination. Resp't's Reply at 3, ECF No. 66. Respondent argued that, "it appears that [P]etitioner is relying on the language from the initial Injury Table (42 U.S.C. § 300aa-14(a)) rather than the current Vaccine Table (42 CFR § 100.3(b)(1))." *Id.* Additionally, Petitioner has failed to provide

an alternative theory of causation and Petitioner's proposed ASIA theory lacks "reputable medical or scientific support." *Id.* at 4.

I held a status conference with the parties on March 31, 2020. *See* Minute Entry on 3/31/2020; *see also* Scheduling Order on 4/2/2020, ECF NO. 72. I confirmed with counsel for Petitioner, Mr. Arnold, that Petitioner was not alleging a Table Injury. *See* Scheduling Order on 4/2/2020. Mr. Arnold confirmed that Petitioner experienced symptoms that resembled brachial neuritis but developed into something else and is therefore not alleging a Table Injury. *See id.* Petitioner was encouraged to dismiss his Petition and preserve his right to pursue a civil action. I granted him 30 days to file a status report indicating how he would like to proceed. *See id.*

Petitioner filed four status reports informing the Court that he was contacting other experts for an alternative theory of causation but because of the COVID-19 pandemic, he was unable to obtain appointments to meet with these experts. *See* Status Reports on 4/30/2020, 6/30/2020, 8/3/2020, and 9/9/2020. On September 14, 2020, I held another status conference because Mr. Arnold indicated he had been unable to contact his client. *See* Minute Entry on 9/14/2020; Scheduling Order on 9/14/2020, ECF No. 77; *see also* Status Report on 9/9/2020, ECF No. 76. Mr. Arnold informed the Court that he was able to contact his client shortly before the status conference and he planned to file a motion to dismiss the case. *See* Scheduling Order on 9/14/2020, ECF No. 77. I granted Petitioner seven days to file a Motion to Dismiss His Petition. *See id.*

Petitioner filed the instant motion to dismiss his claim on September 18, 2020, stating, "An investigation of the facts and science supporting his claim has demonstrated to Petitioner that he will be unbale to prove that he is entitled to compensation in the Vaccine Program." Pet'r's Mot. at 1, ECF No. 78.

## II.     Conclusion

To receive compensation in the Vaccine Program, a petitioner must prove either (1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to his vaccination, or (2) that he suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. § 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioner to meet his burden of proof. Petitioner's claim therefore cannot succeed and, in accordance with his motion, must be dismissed. § 11(c)(1)(A).

As such, **IT IS ORDERED THAT**,

Petitioner's Motion for A Decision Dismissing His Petition is **GRANTED** and the petition is hereby **DISMISSED. The Clerk shall enter judgment accordingly.**

Any questions regarding this Order may be directed to my law clerk, Sydney Lee, by telephone at 202-357-6347, or by email at Sydney_Lee@cfc.uscourts.gov.

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master
